## WENTWORTH & al. versus POOR & al.

The owner of a mill erected *subsequently* to one lawfully existing upon the same stream, is liable in damages, if, by his mode of using the water, the first mill is rendered less beneficial and profitable than it was before.

And this liability is not lessened although the damages arise from the use of *improved machinery* by the owner of the second mill.

On Exceptions from *Nisi Prius*, Shepley, C. J., presiding.

Case, for obstructing the water, and thereby injuring the plaintiffs' mill between March, 1845, and Feb. 1849.

The plaintiffs were owners of a dam and saw-mill, and the mill-site had been in use since 1826.

A reservoir dam on the same stream above was made by plaintiffs' grantor under a parol license from the owner of the soil in 1825, for the accommodation of the mills below, and for the one which was about being built on plaintiffs' site, and was actually erected the next year.

Prior to March, 1845, the plaintiffs, by permission and agreement with the individual who erected the reservoir dam, controlled and enjoyed the benefit of the water raised thereby, for the use of their mill, in such quantities, and at such times as they saw fit.

In 1844, a saw-mill was erected upon a mill-site about two rods above plaintiffs' mill, which was purchased, in March, 1845, by defendants, and they bought also the soil connected with the " reservoir dam" above, of the owner, without any reservation of the dam or water raised by it.

After such purchase, the defendants claimed and exercised control over the " reservoir dam," and used the water raised thereby for their mill, but permitted the water, after being used at their mill, to flow in its natural channel to the plaintiffs' mill.

The evidence tended to show, that owing to the improved machinery, it required less water to operate defendants' wheel than plaintiffs', and that by reason of such use the plaintiffs were unable to work their mill to the same advantage and profit they did before defendants' mill was built and put in operation.

The defendants contended that they had a legal right to use the water in the manner they did, and were not responsible to plaintiffs for any diminution of profits of their mill which might result from that mode, the water being permitted after thus used to flow in its natural channel.

The Court instructed the jury, that if by reason of the improved machinery in the defendants' mill, less water was required to carry it than was required to carry the machinery in plaintiffs' mill, and thereby plaintiffs' mill was rendered less beneficial and profitable than it was before said mill and machinery of defendants' were put in operation, they were entitled to a verdict to the extent of the injury so sustained.

A verdict was returned for plaintiffs, and exceptions were filed to the instructions.

*Dickerson*, for defendants.

1. The reservoir dam was built under a license merely, and was revocable at the pleasure of the owner of the soil.

2. The conveyance of the soil to defendants was a revocation of the license, and vested in them the control of the water. Angell on Watercourses, 316; *Farrar* v. *Stackpole*, 6 Maine, 154; Dane's Ab. c. 76, art. 8, § 39.

3. Having the right to control the reservoir dam, the defendants had the right to control the reserved water, (8 Met. 466; 15 Johns. 213,) provided they let out the usual flow of the stream. This appears to have been done.

4. No complaint can be made, that we had improved machinery, unless we used less than the natural flow of the stream.

5. The reservoir dam has a *priority* over the plaintiffs' mill, it was erected before it, and the defendants have succeeded to all the rights of the original owner.

*Abbott*, for plaintiffs.

TENNEY, J. — The plaintiffs were the owners of a saw-mill, dam, and mill-site, from March 10th, 1845, to Feb. 17th, 1849. Upon this site a saw-mill had been erected, and continued from 1826 to the time of the commencement of this action. In 1844 a saw-mill was erected upon a mill-site on the same stream and about two rods above the plaintiffs' mill; and this saw-mill and mill-site were purchased by the

defendants, and they continued to occupy it till this suit was commenced.

Under the evidence adduced, and the instructions given, the jury must have found that by reason of the improved machinery in the defendants' mill, less water was required to carry it than was necessary to carry the machinery in the plaintiffs' mill; and in consequence thereof the latter was rendered less beneficial and profitable than it was before the defendants' mill and machinery were put in operation.

The plaintiffs, by becoming the owners of the mill, dam, and site occupied by them, succeeded to the rights of those from and through whom their title was derived, and can recover for damages done to them during their ownership by the defendants, in the same manner as could have been done by those who first erected and owned the same, had they continued to hold and to occupy it.

The Revised Statutes, in c. 126, § 2, provides that no dam shall be erected to the injury of any mill lawfully existing above or below it on the same stream; nor to the injury of any mill-site on which a mill or mill-dam shall have been lawfully erected and used, unless the right to maintain a mill on such last mentioned site shall have been lost or defeated by abandonment or otherwise.

The plaintiffs, by the case, are not brought within the exception in this provision, and the instructions were in accordance with the statute. *Baird* v. *Wells*, 22 Pick. 312.

*Exceptions overruled.*

HOWARD, HATHAWAY, and APPLETON, J. J., concurred.